IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY FRANCIS RIPP,

                          OPINION AND ORDER

          Plaintiff,

                          15-cv-409-bbc

    v.

JANEL NICKEL, TIMOTHY DOUMA,
CAPTAIN SALTER, DANEL RIPP,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Timothy Francis Ripp has filed a proposed complaint under 42 U.S.C. § 1983 in which he challenges two things: (1) a 2009 order he received from prison officials at the Columbia Correctional Institution not to contact his mother and other family members; and (2) conduct reports he received related to violating the order. At the time plaintiff filed his complaint, he was confined at the Sand Ridge Secure Treatment, which means that he is now a patient committed under Wisconsin Statutes chapter 980. Although patients are not subject to the provisions of the Prisoner Litigation Reform Act, West v. Macht, 986 F. Supp. 1141, 1143 (W.D. Wis.1997), I may screen plaintiff's complaint to determine its legal sufficiency because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915. Having reviewed the complaint, I conclude that plaintiff has failed to state a claim upon which relief may be granted with respect to any of his claims.

With respect to the "no contact" order, plaintiff alleges that his brother, defendant

1

Daniel Ripp, falsely told prison staff that his mother and the rest of the family on his mother's side no longer wanted contact with him. To the extent that prisoners retain a right of familial association, the Supreme Court has held that the standard of review is whether any restriction on the right is reasonably related to a legitimate penological interest. <u>Overton v. Bazzetta</u>, 539 U.S. 126 (2003). As the Supreme Court did in <u>Overton</u>, I will assume that prisoners do retain a right to have contact with their families.

If family members did not want contact with plaintiff, it would be legitimate and reasonable for the three prison officials (defendants Janel Nickel, Timothy Douma and Captain Salter) to enforce those wishes under most circumstances. (Plaintiff says that he needed to contact his sister because he had a lawsuit against her, but he does not allege that the no contact order prevented him from completing the lawsuit or that he was disciplined for litigation activities, so that issue is moot.) Plaintiff admits that his brother informed officials that no one in the family wanted contact with him, but he seems to believe that officials should not have allowed his brother to speak for other members of the family. (Plaintiff also objects to the order because it "did not come from a judge," but that is irrelevant. Prison officials are entitled to impose their own rules so long as they meet the standard in <u>Overton</u>.)

As a matter of policy, there may be good reasons to argue that officials should require any individual not wishing to have contact with a prisoner to inform the prison himself or herself. However, I am not aware of any authority that would require this as a matter of constitutional law. Under <u>Overton</u>, the question is whether the officials' conduct was

2

reasonable, not whether there is any arguable room for improvement. In the absence of strong evidence to question the brother's representation, I cannot say that it would be irrational or unreasonable to accept it. After all, if the brother was wrong and another family member wanted to have contact with plaintiff, he or she could inform prison officials of the error.

In his complaint, plaintiff says that his brother's representation was "a lie" because plaintiff "ha[d] contact with five of [his] first and second cousins on the Ripp side of the family." However, plaintiff does not explain what he means by this and he does not allege that any of the prison officials were aware of this allegation when they imposed the no contact order. In any event, even if plaintiff had some type of contact with some of his cousins and defendants were aware of this, the most plaintiff's allegations suggest is that defendants were negligent in failing to be more skeptical of plaintiff's brother. Because negligent acts do not give rise to a claim under the Constitution, United States v. Norwood, 602 F.3d 830, 835 (7th Cir. 2010), plaintiff cannot prevail on a claim that prison officials violated plaintiff's constitutional rights by accepting his brother's representation that the family did not want contact with him. Of course, if the no contact order was valid, then plaintiff's discipline for violating the order was valid as well.

With respect to plaintiff's claim against his brother, Daniel Ripp, that claim fails because a person may be held liable under § 1983 only if he acted "under color of law," which usually means that he must be a government official. London v. RBS Citizens, N.A., 600 F.3d 742, 746 (7th Cir. 2010). Although there is an exception under certain

3

circumstances when a private individual acts jointly with public officials, that exception does not apply unless the private individual's conduct is "fairly attributable to the state." Tom Beu Xiong v. Fischer, 787 F.3d 389, 398 (7th Cir. 2015). To meet that standard, the plaintiff must show that there was a "meeting of the minds" between the public and private defendants to accomplish a common goal. Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206 (7th Cir. 1980). In this case, plaintiff cannot make that showing because the only joint action he alleges is his brother's use of allegedly false information to *influence* the other defendants. He does not suggest that the defendants plotted together. Because furnishing false information to law enforcement officers is not enough to hold a private individual liable for a constitutional violation, Gibson v. Regions Financial Corp., 557 F.3d 842, 846 (8th Cir. 2009); Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1087 (C.D. Cal. 2009), plaintiff's claim against his brother must be dismissed as well.

There are a few loose ends to clean up. Plaintiff challenges not only his discipline for contacting his family, but also other charges he received in the same conduct reports. In particular, he challenges charges for lying, fraud and making threats. These claims have no merit.

Plaintiff does not deny that he lied to his family in various letters in an attempt to get money from them. For example, he told his mother that he needed $1000 to repay his cell mate for accidentally breaking the cell mate's TV and radio, even though the cell mate stated that his radio worked fine and he never had a TV. Dkt. #1-1 at 2. Plaintiff's only argument against the charges for lying and fraud is that he was lying to his family, not the

4

Department of Corrections, and the department "has no business getting into inmates' family business."

As with limitations on familial association, limitations on a prisoner's speech are valid under the Constitution if they are reasonably related to a legitimate penological interest. Turner v. Safely, 482 U.S. 78, 89 (1987).  Prison officials have a legitimate interest in protecting  not only themselves from fraud, but also the general public.  In addition, they have an interest in rehabilitating prisoners and trying to deter them from engaging in conduct that could bring them back to prison after their release.  Beard v. Banks, 548 U.S. 521, 530 (2006)("the need to motivate better behavior" is legitimate penological interest). Accordingly, I see no problem under the Constitution with a prisoner being disciplined for trying to swindle his own family.

With respect to the charge for threats, plaintiff says that his only "threat" was to sue his brother for the no contact order.  Prisoners have a right to file lawsuits to enforce their constitutional rights, In re Maxy, 674 F.3d 658, 660-61 (7th Cir. 2012), but this right does not extend to frivolous claims.  Eichwedel v. Chandler, 696 F.3d 660, 673 (7th Cir. 2012). Even if I assume that plaintiff's claim against his brother is not frivolous, plaintiff did not receive a conduct report simply for stating his intention to sue his brother.  Rather, he attempted to extort money from his mother by threatening to sue his brother for the no contact order unless his family gave him money to buy a new TV, two things that have no relation to each other.  Dkt. #1-1 at 8.  Under those circumstances, it is inaccurate to describe defendants' conduct as punishing plaintiff for exercising his right to gain access the

courts. Rather, defendants were punishing plaintiff's attempt to extort money from his family.

In sum, I conclude that none of plaintiff's claims have merit, so I am dismissing the complaint for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Timothy Francis Ripp's complaint is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants Janel Nickel, Timothy Douma, Captain Salter and Daniel Ripp and close this case.

Entered this 1st day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge